## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE M. BETHEA-SPEAS,  :  <br>    *Plaintiff*,  : <br> : <br> v.  :     CIVIL ACTION NO. 25-CV-1935 <br> : <br> URBAN AFFAIRS COALITION, *et al.*,  : <br>    *Defendants*.  : | |

### MEMORANDUM

**Pappert, J.**                                                                                               May 30, 2025

      Plaintiff Denise M. Bethea-Speas initiated this civil action by filing a *pro se* Complaint against the Urban Affairs Coalition ("UAC") and Ready, Willing & Able Recovery House ("RWA"). (*See* ECF No. 2.) She has also filed numerous exhibits. (*See* ECF Nos. 6-9.) Bethea-Speas seeks to proceed *in forma pauperis* and requests appointment of counsel. (ECF Nos. 1, 4.) For the following reasons, the Court will grant Bethea-Speas leave to proceed *in forma pauperis*, deny her Motion to Appoint Counsel, and dismiss her Complaint without prejudice.

I[1]

      Bethea-Speas states that she is African American. (Compl. at 6.) The Court understands her to assert that she was employed by UAC at RWA, and that she was subjected to "wrongful termination" in 2024. (*See id.* at 5-9.) She states that the "reason given for [her] termination of employment was 'breach of confidentiality,'" but she asserts that she did not in fact breach confidentiality or violate any other policy

---

[1] The facts set forth in this Memorandum are taken from Bethea-Speas's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

related to her employment. (*See id.* at 6.) Although she states her race and indicates an intent to bring her suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), she does not include any further facts about her termination in her Complaint. (*See id.* at 4-6.) She also asserts that her termination was retaliatory. (*Id.* at 6.) She filed a charge with the Equal Employment Opportunity Commission and received a "right-to-sue" letter on March 20, 2025. (*Id.* at 7.) She seeks injunctive relief and damages. (*See id.* at 8.)

II

The Court will grant Bethea-Speas leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Bethea-Speas's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266

(3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Bethea-Speas is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

III

Fundamentally, Bethea-Speas's Complaint fails to comply with Rule 8 because she does not include sufficient facts to support a claim to relief. She includes only a few lines apparently asserting that the reason she was given for her termination was untrue. She does not allege any facts related to discrimination other than stating her own race.

The Court acknowledges that Bethea-Speas has filed numerous exhibits in addition to her Complaint. (*See* ECF Nos. 6-9.) When conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)). However, a plaintiff may not state a claim by relying *solely* on exhibits. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *see also Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary

4

factual allegations from one of the many exhibits appended to the complaint."). Because Bethea-Speas attempts to rely on her exhibits to state a claim, her Complaint must be dismissed.

Liberally construing Bethea-Speas's Complaint together with her many exhibits, the Court understands her to allege that she worked for UAC at RWA from 2022 until her termination in 2024. She appears to allege that she was terminated because of her race, or in retaliation for some unidentified acts, and that she was subjected to "[i]ntimidation and harassment." (Compl. at 6.) However, even when considering these exhibits, she has not included sufficient facts to state a claim to relief. [2]

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). To state an employment discrimination claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *i.e.*, discrimination based on a protected class. *Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted); *see also Bell Atl. Corp. v.*

---

[2] Bethea-Speas asserts that her discharge was "wrongful termination." (Compl. at 6.) To the extent that she intended to bring a state common-law tort claim based on alleged discrimination, such a claim is not plausible. The Pennsylvania Supreme Court has made clear that the Pennsylvania Human Relations Act ("PHRA") preempts any such claims when based on discrimination. *Harrison v. Health Network Labs. Ltd. Partnerships*, 232 A.3d 674, 682 (Pa. 2020) (first citing *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989), then citing *Weaver v. Harpster*, 975 A.2d 555, 563 (Pa. 2009)). Claims under the PHRA are interpreted coextensively with their federal counterparts. *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)). A plaintiff must allege facts to support the same elements in order to set forth a plausible claim under the PHRA and federal law. *See Kelly*, 94 F.3d at 105 (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts").

*Twombly*, 550 U.S. 544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). One means of satisfying this standard is to plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) that the plaintiff is a member of a protected class, (2) that the plaintiff was qualified for the position the plaintiff held or sought, (3) that the plaintiff suffered an adverse employment action, and (4) that the circumstances of the adverse employment action give rise to an inference of discrimination. *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 973-74 (3d Cir. 1998); *Johnson v. Keebler-Sunshine Biscuits, Inc.*, 214 F. App'x 239, 241 (3d Cir. 2007).

For a retaliation claim under Title VII to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted). Title VII protects "those who oppose discrimination made unlawful by Title VII." *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006). Not every complaint about employment entitles its author to protection from retaliation under Title VII. *See Burlington N. & Santa Fe Ry.*, 548 U.S. 53, 68 (2006) (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)). "Rather, only complaints about discrimination prohibited by Title VII—that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e–2—constitute 'protected

6

activity.'" *Davis v. City of Newark*, 417 F. App'x 201, 202-03 (3d Cir. 2011) (quoting *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995)). "Thus, for a complaint to amount to 'protected activity,' it must implicate an employment practice made illegal by Title VII." *Id.* at 203 (citing *Curay-Cramer v. Ursuline Acad. of Wilmington, Del.*, Inc., 450 F.3d 130, 135 (3d Cir. 2006)). "General complaints of unfair treatment will not suffice." *Id.* (citing *Barber*, 68 F.3d at 702).

    In her exhibits, Bethea-Speas references communications she had with members of the board of directors about her disagreements with UAC and RWA policies, as well as issues she had with the way that her work was "micromanaged." (*See generally* ECF Nos. 6, 6-1, 6-3.) She states that the Executive Director and Program Director were both white, that they "disregarded [her] input and suggestions," and that the Program Director "felt intimidated" by Bethea-Speas because she had a longer employment history and higher education level than the Program Director. (ECF No. 6-1 at 4.) Bethea-Speas asserts that "the Executive Director and Program Director treated [her] negatively because [she] was the only staff member who was not a recovering addict and [she] didn't have a criminal history." (*Id.* at 5.) None of these allegations raise any inference of racial discrimination.

## IV

    For the foregoing reasons, the Court will grant Bethea-Speas leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Keeping in mind Bethea-Speas's *pro se* status, the Court will grant her an opportunity to develop her allegations by explaining

in an amended complaint the "who, what, where, when and why" of her claims.[3] *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**

---

[3] Bethea-Speas's Motion to Appoint Counsel (ECF No. 4) will be denied without prejudice to renewal after the Court conducts a statutory screening of any amended complaint she may file. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's suit has a legal basis).